UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-20964-Moreno/Goodman

CONTINUUM ON SOUTH BEACH
CONDOMINIUM, THE NORTH
TOWER ASSOCIATION, INC.,
a Florida nonprofit corporation,

    Plaintiff,

v.

QBE INSURANCE CORPORATION,
a Pennsylvania corporation,

    Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER**

Plaintiff filed a motion for a protective order and to quash thirty-two subpoenas to non-party unit owners ("32 Subpoenas"). [ECF No. 28]. District Judge Federico A. Moreno referred all pretrial proceedings to the Undersigned. [ECF No. 29]. The parties scheduled a hearing on the motion [ECF No. 35] and the Undersigned directed them to be prepared to discuss whether Plaintiff has standing to challenge the 32 Subpoenas. [ECF No. 26]. At the hearing, the Undersigned ordered Plaintiff and Defendant to each submit a memorandum of law addressing Plaintiff's standing. [ECF Nos. 41; 43]. Defendant submitted a memorandum [ECF No. 47] as did Plaintiff. [ECF No. 48]. For the reasons

discussed below, the Undersigned **grants** in part Plaintiff's motion.

This lawsuit involves Plaintiff (insured) and Defendant's (insurer) contractual relationship. [ECF No. 4]. Plaintiff, a condominium association, claims to have suffered extensive damage during Hurricane Irma. [ECF No. 4, p. 1]. As part of the claims process, Defendant has inspected the condominium via drones, adjusters, and consultants. [ECF No. 10, p. 4]. The parties dispute whether Plaintiff has meaningfully complied with its post-loss obligations and whether the matter is ripe for an appraisal. [ECF Nos. 4; 10]. Plaintiff seeks declaratory relief that it complied with its contractual obligations and entry of a judgment requiring Defendant to submit to an appraisal. [ECF No. 4, p. 15].

As part of the discovery process, Defendant issued the 32 Subpoenas. [ECF No. 28-1].[1] Plaintiff's counsel does not represent any recipients of the 32 Subpoenas.

Plaintiff seeks to quash the 32 Subpoenas and/or to obtain a protective order under Federal Rules of Civil Procedure 26 and/or 45. [ECF No. 28]. Rule 45's provisions, unlike those of Rule 26, do not automatically grant standing to parties. Fed. R. Civ. P. 45; *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277, at *2 (S.D. Fla. 2008) ("In the Eleventh Circuit, the general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a personal right or privilege with respect to the materials subpoenaed." (internal quotations omitted)).

---

[1] While all of the subpoenas attached in Plaintiff's exhibit are directed to "Hadley Fisher," Plaintiff and Defendant agreed during the hearing [ECF No. 41] that there were, in fact, thirty-two subpoenas issued to thirty-two different condominium unit-owners.

2

The law in unclear as to whether a condominium association has automatic Rule 45 standing to object on behalf of individual unit owners. The Court, however, need not make that determination in the instant case. Regardless of its Rule 45 standing, Plaintiff has standing to invoke Federal Rule of Civil Procedure 26. Therefore, the Undersigned is going to treat Plaintiff's motion as a motion for a protective order under Rule 26(c). *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (treating motion to quash as a motion for a protective order when it was based, in part, on Rule 26).

Under Federal Rule of Civil Procedure 26(c), "*[a] party* or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1) (emphasis added). For good cause, the court may issue an order prohibiting or limiting discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1)(A), (D). Further, discovery is limited to "nonprivileged matter[s] that [are] relevant to any party's claim or defense and proportional to the needs of the case." Fed R. Civ. P. 26(b)(1).

As a party to this action, Plaintiff has standing to move for a protective order if the subpoenas seek irrelevant information beyond the permissible scope of discovery. *Auto-Owners Ins. Co.*, 231 F.R.D. at 429. Even in situations where discovery is otherwise reasonable or relevant, a court may still limit it for the following reasons:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less

> burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

*Id.* (citing Fed. R. Civ. P. 26(b)(2)).

Applying these principles, the *Auto-Owners* Court found it appropriate to limit a subpoena that sought some relevant material but was "grossly overbroad." *Id.* at 430. In issuing a protective order, the Court acknowledged that, although some of the material sought might be relevant, the overbroad subpoenas sought information that was irrelevant, unduly burdensome, and, when relevant, were not narrowly tailored. *Id*; *see also e.g., Barrington v. Mortgage IT, Inc.* 2007 WL 4370647 (S.D. Fla. 2007) (entering a protective order on the basis that documents sought from third-party former employer were not relevant to the plaintiff's overtime compensation claim under the Fair Labor Standards Act); *Psychic Readers Network, Inc. v. Take-Two Interactive Software, Inc.*, 2018 WL 7048217 (S.D. Fla. 2018) (granting, in part, the plaintiff's request for a protective order under Rule 26 and entering a protective order as to certain portions of subpoenas issued to non-parties, which were deemed irrelevant to any parties' claims or defenses).

The Undersigned, in evaluating the merits of Plaintiff's request, looks to the claims in the lawsuit, the relevance of the requested information, proportionality to the case, and whether the sought-after discovery is obtainable from a more convenient source.

As a preliminary point, Plaintiff's lawsuit does not currently request monetary

4

damages. Rather, it requests that Defendant be ordered to begin the appraisal process. In these types of claims, the defenses available to the insurer are limited:

> [W]here there is a demand for an appraisal under the policy, the only "defenses" which remain for the insurer to assert are that there is no coverage under the policy for the loss as a whole or that there has been a violation of the usual policy conditions such as fraud, lack of notice, and failure to cooperate. We interpret the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.

*State Farm Fire and Cas. Co. v. Licea*, 685 So.2d 1285 (Fla. 1996).

Accordingly, discovery is limited to Plaintiff's claim and Defendant's legally available defenses. Moreover, it must be proportional to the needs of the case. The 32 Subpoenas are overbroad and bear little to no relevance to Plaintiff's claim or Defendant's available defenses.

As an illustration, the subpoenas request the unit owner to provide "all records, documents, correspondence, photographs, or any other material in your possession or control (whether paper or electronic), *from any time*, relating to the following: [t]he condition of, damage to, inspection of, evaluation of, maintenance of, repair of, replacement of, or renovation of any windows or door . . ." [ECF No. 28-1] (emphasis added). This would mean, for example, if a unit owner had texted a friend in 2012 (five years before Hurricane Irma) that she painted an interior door a new color, then documents about it would need to be disclosed.

The subpoenas also request "any newsletters from the condominium association or its property manager." *Id.* If each of the recipients of the 32 Subpoenas received a newsletter wishing residents a Happy Fourth of July each year since the condominium was constructed, then it would require thirty-two people to each compile and forward to Defendant nine or more "Happy Fourth of July" newsletters. The topics and lack of a time limitation are not relevant to Plaintiff's claim and the Defendant's available defenses.

As an additional justification for the entry of a protective order, much of the relevant information requested by Defendant would be obtainable more easily from Plaintiff itself rather than the recipients of the 32 Subpoenas. Defendant, for example, requests "[a]ny communication or correspondence to or from the condominium association, its property manager, or its counsel regarding this lawsuit of the association's Hurricane Irma claim." Defendant, however, could receive the same information by sending a subpoena to Plaintiff and the property manager requesting any correspondence or communication it had with any of the non-party unit owners.

Defendant, in its memorandum of law, cites an Order that found there was no "substantive deficiency" with similarly issued subpoenas. [ECF No. 47]. What Defendant neglects to mention, however, is that the claim in that lawsuit was substantially different from the claim in this lawsuit. *See Meridian of Palm Beach Condo Assoc., Inc. v. QBE Ins. Corp.*, 06-cv-81108, Docs 1, 41 (S.D. Fla. 2008) (the lawsuit included a claim for damages caused by a hurricane and the defendant's subpoenas were relevant as to whether any of

the damage was pre-existing); *see also Auto-Owners*, 231 F.R.D. 426, 430 (finding discovery on possible future issue not yet relevant).

Moreover, Plaintiff claims it has already provided Defendant with all requested information except for the unit owners' homeowners' insurance claims. [ECF No. 48].

Applying these principles, the Court finds good cause to enter a protective order. The subpoenas issued by Defendant are unduly burdensome, irrelevant, overbroad, disproportionate to the needs of the case, and the information could be more easily obtained from other sources.

By this Order, however, the Court does not intend to preclude all insurer-generated discovery from non-parties. A more narrowly-tailored subpoena that focuses on relevant issues would be permitted.

The motion to quash is **denied**. The Court, however, construes the motion as a motion for a protective order and **grants** a protective order as to the subpoenas and deposition notices.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 13, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record